UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE BENTLEY, : | CIVIL ACTION NO. 3:22-0960 |
| Petitioner : | |
| v. : | (JUDGE MANNION) |
| J.L. JAMESON, WARDEN : | |
| Respondent : | |

## MEMORANDUM

Petitioner, Tyrone Bentley, an inmate confined in the Allenwood Federal Correctional Center, White Deer, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges his 2012 conviction in the United States District Court for the Eastern District of Pennsylvania for conspiracy to commit armed bank robbery in violation of 18 U.S.C. §§371 and 2113(d) (Count 1); armed bank robbery and aiding and abetting in violation of 18 U.S.C. §2113(d) (Count 2); and using and carrying a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §924(c)(1) (Count 3) Id. A response (Doc. 9) and traverse (Doc. 10) having been filed, the petition is ripe for disposition. Specifically, Bentley relies on the Supreme Court's recent decision in Borden v. United States, 141 S. Ct. 1817 (2021), and asserts his §2113(d) conviction can no longer serve as a predicate offense to his §924(c) conviction because a §2113(d) offense can be committed with

a *mens rea* of recklessness and therefore does not constitute a crime of violence. For the reasons set forth below, the Court will dismiss Petitioner's §2241 petition without prejudice for lack of jurisdiction.

I. **Background**

On January 9, 2012, a jury in the Eastern District of Pennsylvania convicted Bentley on conspiracy to commit armed bank robbery in violation of 18 U.S.C. §§371 and 2113(d) (Count 1); armed bank robbery and aiding and abetting in violation of 18 U.S.C. §2113(d) (Count 2); and using and carrying a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §924(c)(1) (Count 3). See United States v. Bentley, 2:10-CR-00525 (E.D. Pa.), Doc. 86. In August 2012, the district court sentenced him to an aggregate term of 408 months' imprisonment consisting of 60 months for Count 1, 108 months for Count 2 (to be served concurrently with each other), and 300 months for the §924(c)(1) conviction in Count 3 (to be served consecutively to Counts 1 and 2). Id.

In June 2013, the Third Circuit affirmed the conviction, rejecting Bentley's claims based on the use of evidence recovered in violation of the Fourth Amendment and insufficient evidence to support his conviction. United States v. Bentley, 528 F. App'x 247 (2013). The sentencing court

thereafter denied Bentley's initial §2255 motion for raising the same sufficiency of evidence claim raised and addressed by the Third Circuit in his direct appeal, as well as numerous other meritless arguments. United States v. Bentley, 2015 WL 12743602 (E.D. Pa. June 10, 2015).

Subsequently, the Third Circuit authorized Bentley to file a successive §2255 motion in which he asserted that his §924(c) conviction was invalid pursuant to the Supreme Court's holding in United States v. Davis, 139 S. Ct. 2319 (2019) which held that the residual clause of §924(c) is unconstitutionally vague. United States v. Bentley, No. 2:10-CR-00525 (E.D. Pa.), Docs. 149, 176. The sentencing court, however, rejected Bentley's Davis claim, noting that his armed robbery conviction constitutes a violent predicate offense for purposes of his §924(c) conviction because armed bank robbery is a crime of violence under §924(c)(3)'s surviving elements clause. Id., Doc. 176 at 4-5 (citing United States v. Johnson, 899 F.3d 191, 203-04 (3d Cir. 2018)). The Third Circuit denied Bentley a certificate of appealability. Id. at Doc. 181.

On May 26, 2022, Bentley filed the instant habeas petition in the United States District Court for the Eastern District of Pennsylvania, which, on June 15, transferred the case to this Court as the district of Bentley's confinement. (Docs. 1, 4).

On June 3, 2022, Bentley filed a motion with the Third Circuit seeking leave to file a successive §2255 motion based on the same Borden claim raised in the instant petition. In re: Tyrone Bentley, No. 22-2047 (3d Cir.). Bentley's petition is currently pending. Id.

## II. Discussion

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. §2255 in the sentencing court, which is "already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); see also Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. §2241 in the district court for the federal judicial district where he is in custody. See 28 U.S.C.§2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a §2255 motion 'is inadequate or ineffective to test the legality of his detention,' ... [he may] resort to §2241

to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); see also 28 U.S.C. §2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.' ").

A motion under §2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Nor is a §2255 motion "inadequate or ineffective" merely because the inmate "is unable to meet the requirements of [28 U.S.C.] §2244 and §2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent §2255 motion in the sentencing court." See Miller v. United States, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), report and recommendation adopted, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020). Moreover, "§2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." See Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citing Dorsainvil, 119 F.3d at 251). The Third Circuit:

> permits access to §2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting Dorsainvil, 119 F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under §2241, the §2241 petition must be dismissed for lack of jurisdiction. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Bentley has unsuccessfully sought relief in the sentencing court pursuant to 28 U.S.C. §2255. Thus, he can only bring a challenge under §2241 if it appears that the 2255 remedy is inadequate or ineffective to test the legality of his detention. He has failed to meet this burden. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255." See Dusenberry v. Oddo, No. 17-cv-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Likewise, as noted above, "§2255 is not inadequate or ineffective merely because the petitioner

cannot satisfy §2255's timeliness or other gatekeeping requirements." See Long, 611 F. App'x at 55.

Moreover, the record before this Court demonstrates that Bentley currently has a petition to file a second or successive §2255 petition pending before the United States Court of Appeals for the Third Circuit. See In re: Tyrone Bentley, No. 22-2047 (3d Cir.). Thus, there exists the possibility that Petitioner will be permitted to file a second or successive petition. As such, Bentley's remedy by way of a motion under §2255 has not been foreclosed as unavailable or inadequate. Therefore, Petitioner may not rely upon §2241 to raise his claims, and the Court will dismiss his §2241 petition for lack of jurisdiction.

### III. Conclusion

Based on the foregoing, Bentley's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 will be dismissed for lack of jurisdiction.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  December 28, 2022**
22-0960-01

- 7 -